IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER LORENZ, )
)
    Plaintiff, )
)
v. ) Case No. CIV-17-431-BMJ
)
NANCY A. BERRYHILL, Acting )
Commissioner of the Social Security )
Administration, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2]. This matter has been assigned pursuant to *In re: Social Security Cases*, GO 16-4 (W.D. Okla.) (eff. Jan. 1, 2017).

Plaintiff is required to pay a fee of $400.00 to commence his civil action.[1] Pursuant to 28 U.S.C. § 1915(a), however, a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. April 23, 1999) (unpublished) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Proceeding in forma pauperis "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing

---

[1] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

fee. *Lister*, 408 F.3d at 1312. Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (unpublished) (citations omitted). But, "a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not 'absolutely destitute.'" *Id.* (citation omitted).

A review of Plaintiff's Application demonstrates that he has the ability to pay the $400.00 filing fee. Plaintiff asserts that he earns $3,400 per month in take-home pay. Plaintiff's listed expenses constitute $1,800 per month. Therefore, Plaintiff's take-home pay exceeds his listed monthly expenses by $1,600 per month. In addition, Plaintiff has $400 in a checking or savings account. These factors weigh against Plaintiff demonstrating he qualifies to proceed in forma pauperis. *See Brewer*, 24 F. App'x at 979 (denying request to proceed in forma pauperis where the plaintiff's "monthly income exceed[ed] his monthly expenses by a few hundred dollars"); *see also Westgate v. Astrue*, No. 08-4136-JAR, 2008 WL 5110906 at *1 (D. Kan. Dec. 2, 2008) (unpublished) (denying in forma pauperis motion where the plaintiff's total monthly income from all sources exceeded his monthly expenses by $364.00 and therefore, despite not having any cash on hand, the plaintiff "would be able to pay the filing fee in th[e] case by using his discretionary income from one month"). Therefore, upon careful consideration, it is recommended that Plaintiff be denied leave to proceed in forma pauperis.

## RECOMMENDATION

It is recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be denied. It is further recommended that if Plaintiff does

not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court on or before April 28, 2017. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 14th day of April, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE